## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

LAMAUR PRICE,                          )
                                    )
           **Plaintiff,**         )
                                      )
**v.**                               )    **Case No. CIV-24-394-GLJ**
                                      )
**DANIEL P. DRISCOLL,**[1]     )
**Secretary of the Department of the Army,**)
                                    )
          **Defendant.**        )

## OPINION AND ORDER

This case arises out of Plaintiff Lamaur Price's employment at the McAlester Army Ammunition Plant ("Plant") in McAlester, Oklahoma. Plaintiff sues the United States, through Daniel P. Driscoll, Secretary of the U.S. Department of the Army, alleging unlawful reprisal for engaging in a protected activity, as well as race discrimination in violation of Title VII. Defendant now seeks dismissal of Plaintiff's Complaint. For the reasons set forth below, the Court finds that Defendant United States of America's Motion to Dismiss and Brief in Support [Docket No. 13] should be DENIED.

### I. Procedural History

Plaintiff alleges in his Complaint that he was at all relevant times employed at the Plant in McAlester, and has most recently served in the position of Logistics Modernization Specialist. Docket No. 2, pp. 2-3, ¶¶ 3, 9. Plaintiff alleges that he was previously denied

---

[1] On February 25, 2025, Daniel P. Driscoll was appointed Secretary of the Department of the U.S. Army. In accordance with Fed. R. Civ. P. 25(d), Mr. Driscoll is substituted for Christine Wormuth as Defendant in this action.

a promotion, which is the subject of Case No. CIV-21-100-GLJ, *Price v. Driscoll*, in this same Court.  *Id.*, pp. 3-6, ¶¶ 11-21.  From March 30, 2023 to April 13, 2023, Supervisor Amber Dominguez ran a vacancy announcement for the position of Supervisory Production Controller (Ammunition and Missiles), for which Plaintiff was eligible.  *Id.*, pp. 6-8, ¶¶ 22-30.  The promotion panel reviewed eleven candidates' resumes and selected five for interviews; Plaintiff was not selected for the interviews.  *Id*, p. 10, ¶¶ 42-43.  Plaintiff alleges that available temporary or permanent supervisory positions were all given to Caucasian personnel from 2019 to present, including individuals with no justifiable skill sets for the positions.  *Id*., pp. 13-14, ¶¶ 52-54.  Some of these individuals were friends of Dominguez and/or family members of high-level management officials.  *Id.*  Additionally, he alleges that the officials retaliated against him for filing his prior EEOC complaint.  *Id.*, p. 15, ¶ 56.

Plaintiff filed a formal complaint of reprisal with the Equal Employment Opportunity Commission ("EEOC") on September 25, 2023.  *See* Docket No. 2, p. 2, ¶ 5. The EEOC issued a Final Agency Decision on July 24, 2024; Plaintiff then filed this case on October 18, 2024.  *See Id.*, ¶¶ 6-8.  In his Complaint, Plaintiff's claims are set forth as follows:  (i) Count I, alleging unlawful reprisal for engaging in protected activity;[2] and (ii) Count II, brought under Title VII, alleging race discrimination.

---

[2] The portion of Plaintiff's Complaint alleging the first cause of action, Docket No. 2, pp. 15-16, ¶¶ 57-64, does not identify the jurisdictional basis for this claim.  While jurisdiction is generally invoked pursuant to the Prohibited Personnel Practices Act, 5 U.S. § 2302 and 29 C.F.R. § 1614.201, *id.*, p. 1, ¶ 2, earlier in the Complaint, that same paragraph also identifies the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., but no such corresponding claim is identified in this Complaint.

## II. Legal Standards

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but the statement of the claim under Rule 8(a)(2) must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 556, 557, 570).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Id.* at 679.

In Title VII cases, "[w]hile the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).  This requires a determination as to "'whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed.'"  *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (quoting *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)).

### III. Analysis

Defendant moves to dismiss Plaintiff's Complaint, arguing that the Plaintiff fails to state a claim.  In support, the Defendant contends:  (i) that Plaintiff failed to exhaust administrative remedies with regard to his racial discrimination claim, and (ii) that Plaintiff fails to offer sufficient facts in support of both his retaliation and racial discrimination claims.  The Court now makes the following findings.

### A.  Exhaustion of Administrative Remedies

Defendant first contends that Plaintiff's claim for race discrimination should be dismissed for failure to exhaust administrative remedies.  Defendant argues that Plaintiff in his Charge, referenced in the Complaint extensively and provided by Defendant in support of the motion to dismiss,[3] only checked the box for reprisal as a reason he believed he was discriminated against, and failed to check race discrimination.  *See* Docket No. 13, Ex. 1, p. 2.  Plaintiff acknowledges this but asserts that the text of the charge clearly identifies race discrimination and makes reference to racial bias multiple times.

While the filing of an EEOC complaint is not a jurisdictional requirement that must be satisfied prior to filing suit, it is an affirmative defense that is "subject to waiver, estoppel, and equitable tolling."  *See Lincoln v. BNSF Railway Co.*, 900 F.3d 1166, 1183 (10th Cir. 2018).  However, "the practical effect is the same in cases in which a defendant seeks dismissal based on the plaintiff's failure to file an EEOC charge, and courts must

---

[3] Even on a Rule 12(b)(6) motion, the court may consider "not only the complaint itself, but also attached exhibits and documents incorporated into the complaint by reference." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citations omitted).

dismiss Title VII claims for failure to exhaust administrative remedies when it is undisputed that the plaintiff has not filed a timely EEOC charge." *Ball v. Walmart, Inc.*, 2025 WL 1115849, at *2 (N.D. Okla. Apr. 15, 2025) (citing *Smith v. Cheyenne Retirement Investors, L.P.*, 904 F.3d 1159, 1163-1164 (10th Cir. 2018) ("In most cases, including this one, this distinction between a jurisdictional requirement and an affirmative defense is immaterial.").

  "The failure to mark a particular box [alleging discrimination] creates a presumption that the charging party is not asserting claims represented by that box," but the presumption may be rebutted "if the text of the charge clearly sets forth the basis of the claim." *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007) (explaining the "charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim"), *overruled on other grounds by Lincoln*, 900 F.3d at 1185-1186 (reiterated in *Smith*, 904 F.3d at 1164). "The ultimate question is whether the conduct alleged in the lawsuit would fall within the scope of an EEOC investigation which would reasonably grow out of the charges actually made in the EEOC charge." *Smith*, 904 F.3d at 1164-1165 (cleaned up). Courts generally liberally construe the allegations contained in an EEOC charge because they are typically filed by non-attorneys. *Id.* at 1166. The Court therefore presumes Plaintiff only asserted a claim of reprisal unless the liberally-construed text of his charge clearly sets forth the additional basis of race discrimination. Upon review, the Court finds that Plaintiff's charge rebuts this presumption. Plaintiff states in his charge that he was denied promotions and opportunities, and that he believes "this is due to cultural differences, racial bias (conscious or unconsciously)." Docket No. 13, Ex.1, p. 6. Later in

the charge, he questioned why he was not given opportunities for even temporary promotions, stating, "My conclusion was this:  I am a black/African American man."  *Id.*, p. 8.  He noted that other "white/Caucasian men and women" were given opportunities he was not, which had "become a quite visible racial and personal bias system."  *Id.*, pp. 8-9. He concluded that there was an "apparent racial divide whether admitted consciously," and that he believed he had been denied opportunities at promotion due to racial discrimination and reprisal for filing an EEO complaint."  *Id.*, p. 10.  Any construction of Plaintiff's EEOC charge clearly encompasses a claim of racial discrimination.  Defendant's motion is therefore denied on the basis of failure to exhaust administrative remedies.

### B.  Reprisal/Retaliation (Count I)

As noted above at FN 2, Plaintiff fails to identify a specific statutory basis for Count I, unlawful reprisal for protected activity.  *See* Docket No. 2, pp. 15-16, ¶¶ 57-64.  "A federal employee asserting a claim of unlawful discrimination or retaliation may elect either to seek review of an adverse employment action by the Merit Systems Protection Board (MSPB) under CSRA, or to seek relief through the process authorized under Title VII, which begins with a complaint to the EEO department of the employing agency and ends with an appeal to the EEOC."  *Pretlow v. Fanning*, 2013 WL 3563679, at \*1 (W.D. Okla. July 11, 2013) (citing *Coffman v. Glickman,* 328 F.3d 619, 623-624 (10th Cir. 2003) (discrimination); *Dossa v. Wynn,* 529 F.3d 911, 915 (10th Cir. 2008) (retaliation)). "Whichever action is taken first is considered an election to proceed in that forum." *Coffman*, 328 F.3d at 622.  Either way, administrative exhaustion is a prerequisite for subject matter jurisdiction.  *See Pretlow*, 2013 WL 3563679, at \*1 (citing *Coffman*, 328

F.3d at 622).  Plaintiff's Complaint clearly alleges that he filed an EEOC complaint for reprisal.    Docket No. 2, pp. 3-4, ¶¶ 11-14.    Because Plaintiff's Complaint alleges administrative exhaustion of a cognizable claim, and Defendant proceeds on the basis that Count I is raised pursuant to Title VII, the Court declines to find it lacks subject matter jurisdiction but cautions Plaintiff's counsel should be diligent in such matters moving forward.

At this stage of the case, the Court is required under *Twombly* and *Iqbal* to evaluate the plausibility of Plaintiff's claims.  "[W]e can evaluate [his] claim's plausibility only by considering the prima facie case of discrimination that []he would need to prove in court." *Morman v. Campbell County Memorial Hospital*, 632 Fed. Appx. 927, 933 (10th Cir. 2015).  "[T]he elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim."  *Khalik*, 671 F.3d at 1192.  While Plaintiff "need not set forth a prima facie case for discrimination[, ]he must allege facts that make such a claim at least plausible."  *Morman*, 632 Fed. Appx. at 933.

"To establish a prima facie claim under Title VII for retaliation, a plaintiff must establish three elements: (1) []he engaged in protected opposition to discrimination; (2) a reasonable employee would have found the challenged action materially adverse; and (3) a causal connection exists between the protected activity and the materially adverse action." *McGowan v. City of Eufala*, 472 F.3d 736, 741 (10th Cir. 2006) (citation omitted). "Conduct rises to the level of 'adverse employment action' when it constitutes a significant change in employment status, such as hiring, firing, **failing to promote**, reassignment with significantly different responsibilities, or a decision causing a significant change in

benefits." *Stinnett v. Safeway, Inc.*, 337 F.3d 1213, 1217 (10th Cir. 2003) (quotation omitted) (emphasis added). There is no dispute that Plaintiff's 2020 EEOC Charge was protected opposition to discrimination,[4] nor that Plaintiff suffered a materially adverse action in failing to be promoted. The remaining issue, then, is whether Plaintiff plausibly alleges a causal connection between the protected activity and the materially adverse action.

Defendant contends that Plaintiff's Complaint offers no facts that the hiring panel was operating out of an improper motive when they did not interview and subsequently select him for the open position. The Complaint clearly alleges that two supervisors including Dominguez were motivated by retaliation and/or discrimination, that Dominguez chose the hiring panel, and that one member of the hiring panel was aware of Plaintiff's prior EEOC Charge. Defendant also contends there is not sufficient temporal proximity to establish causation because the 2020 EEOC charge was submitted roughly two years before the selection process at issue in this case. *Conroy v. Vilsack*, 707 F.3d 1163, 1181 (10th Cir. 2013) ("It appears clear that, if the adverse action occurs in a brief period up to one and a half months after the protected activity, temporal proximity alone will be sufficient to establish the requisite causal inference; but it is equally patent that if the adverse action occurs three months out and beyond from the protected activity, then the action's timing alone will not be sufficient to establish the causation element.") (citation omitted). However, "[c]lose temporal proximity is one way, but not the only way, to prove

---

[4] Neither party made this document available for the Court's review.

causation." *Walker v. Wormuth*, 2023 WL 2428903, at *9 (D. Kan. Mar. 9, 2023). Plaintiff

pleads that he was not promoted due to his prior EEOC Charge. "While the Court

acknowledges these facts are not detailed, they are sufficient under the pleading standard

to state a short and plain statement for retaliation on the basis of Plaintiff's [failure to

promote.]" *Id.* Defendant's motion to dismiss this claim is therefore denied.

### C. Race Discrimination (Count II)

The Court likewise evaluates Plaintiff's claim of discrimination according to the

burden-shifting framework of *McDonnell Douglas. See Adamson v. Multi Cmty.

Diversified Servs., Inc.*, 514 F.3d 1136, 1145 (10th Cir. 2008); *see also Morman*, 632 Fed.

Appx. at 933 ("Under *McDonnell Douglas,* the plaintiff must first prove a prima facie case

of discrimination. If she does so, then the burden 'shifts to the defendant to produce a

legitimate, non-discriminatory reason for the adverse employment action.' If the defendant

provides such a reason, 'the burden then shifts back to the plaintiff to show that the

plaintiff's protected status was a determinative factor in the employment decision or that

the employer's explanation is pretext.'") (quoting *Khalik*, 671 F.3d at 1192). A prima facie

case of employment discrimination is established by facts showing that the plaintiff (1) is

a member of a protected class, (2) suffered an adverse employment action, (3) was qualified

for the position at issue, and (4) was treated less favorably than others not in the protected

class. *Khalik*, 671 F.3d at 1192; *see also McDonnell Douglas Corp. v. Green*, 411 U.S.

792, 802 (1973) (prima facie case may be establish by showing: "(i) that he belongs to a

racial minority; (ii) that he applied and was qualified for a job for which the employer was

seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after

his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications."). As noted above, at this stage of the case the Court is only required under *Twombly* and *Iqbal* to evaluate the plausibility of Plaintiff's claims although "the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik*, 671 F.3d at 1192. The parties do not dispute Plaintiff's membership is a protected class of race, that he suffered an adverse employment action, or that he was qualified. The issue is the fourth factor.

Defendant contends that Plaintiff's Complaint offers no facts that the hiring panel was operating out of an improper motive when they did not interview and subsequently select him for the open position. Even if that were required at this stage, the Complaint clearly alleges that Dominguez and another supervisor were motivated by retaliation and/or discrimination. Defendant contends the Complaint fails to allege that the hiring panel member was biased due to Plaintiff's race. Though perhaps sparse, Plaintiff's Complaint alleges that the only personnel promoted in supervisory positions were all Caucasian from 2019 to the present, and he alleges that at least one supervisor interfered to influence the hiring panel's process. Docket No. 2, pp. 7, ¶ 26 (and heading) & 13-14, ¶¶ 51-54. Many of Defendant's arguments (*e.g.* whether Plaintiff was actually *more* qualified than others for a position, whether supervisors interfered in the hiring panel process) are better suited at the summary judgment stage. "While the Court acknowledges these facts are not detailed, they are sufficient under the pleading standard to state a short and plain statement for retaliation on the basis of Plaintiff's [failure to promote.]" *Walker*, 2023 WL 2428903, at *9. Defendant's motion to dismiss this claim is therefore denied.

-10-

## CONCLUSION

Accordingly, the Court finds that the Defendant's Motion to Dismiss Amended Complaint [Docket No. 13] is hereby DENIED.

IT IS SO ORDERED this 11th day of July, 2025.

**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**