IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LAMAUR PRICE, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-394-GLJ |
| | ) | |
| DANIEL P. DRISCOLL, | ) | |
| Secretary of the Department of the Army, | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

This case arises out of Plaintiff Lamaur Price's employment at the McAlester Army Ammunition Plant ("Plant") in McAlester, Oklahoma. Plaintiff sues the United States, through Daniel P. Driscoll, Secretary of the U.S. Department of the Army, alleging unlawful reprisal for engaging in a protected activity, as well as race discrimination in violation of Title VII. Defendant now seeks dismissal of Plaintiff's Complaint. For the reasons set forth below, the Court finds that Defendant's Motion for Summary Judgment and Brief in Support [Docket No. 43] is DENIED.

**I. Procedural History**

Plaintiff filed the Complaint in this case on October 18, 2024, alleging causes of action based on discrimination and retaliation. On February 7, 2025, the parties consented to the exercise of Magistrate Judge jurisdiction in this case, pursuant to 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73. *See* Docket No. 18. Defendant moved to dismiss Plaintiff's Complaint, which this Court denied on July 11, 2025. *See* Docket Nos. 13, 15-

16, 23. Following the close of discovery, Defendant moved for summary judgment, and the matter is now fully briefed. *See* Docket Nos. 43-44, 47.

## II. Legal Standards

Summary judgment is appropriate if the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party must show the absence of a genuine issue of material fact, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), with the evidence taken in the light most favorable to the non-moving party, *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). However, "a party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . or . . . showing that the materials cited do not establish the absence or presence of a genuine dispute[.]" Fed. R. Civ. P. 56(c).

In employment discrimination cases, "[m]any of the highly fact-sensitive determinations involved in these cases are best left for trial and are within the province of the jury." *Lounds v. Lincare, Inc.*, 812 F.3d 1208, 1221 (10th Cir. 2015). "The rule in this Circuit . . . is that an employment discrimination suit will always go to the jury so long as the evidence is sufficient to allow the jury to disbelieve the employer's proffered reason for the employment action." *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1177 (10th Cir. 1998) (Tacha, J., concurring in part) (citing *Randle v. City of Aurora,* 69 F.3d 441, 451-452 & n. 15 (10th Cir. 1995) ("[I]f this inferential evidence is sufficient to allow a plaintiff

to prevail at trial, it is surely sufficient to permit a plaintiff to avoid summary judgment so that the plaintiff can get to trial.").

### III. Analysis

### A.     Title VII Retaliation

Plaintiff's first cause of action alleges unlawful reprisal for a protected activity. As noted previously by this Court, *see* Docket No. 23, p. 2 n.2, Plaintiff failed to specify the statutory basis for this first cause of action. At that time, the Court assessed the claim as one raised pursuant to Title VII, and the parties have continued on this course.

Where, as here, a Title VII plaintiff relies on indirect proof of discrimination, we apply the three-part burden-shifting framework announced in *McDonnell Douglas Corp v. Green*, 411 U.S. 792, 802-805 (1973). Under this framework:

> "[A] plaintiff must first "raise a genuine issue of material fact on each element of the prima facie case, as modified to relate to differing factual situations." *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir. 1997) (citation omitted). The burden then "shifts to the employer to offer a legitimate nondiscriminatory reason for its employment decision." *Id.* If the employer does so, "the burden then reverts to the plaintiff to show that there is a genuine dispute of material fact as to whether the employer's proffered reason for the challenged action is pretextual—*i.e.*, unworthy of belief." *Id.* (internal quotation marks omitted).

*Bekkem v. Wilkie*, 915 F.3d 1258, 1267 (10th Cir. 2019). Defendant's burden at the second stage to offer a legitimate nondiscriminatory reason is a burden of production, not persuasion. *See Texas Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 254 (1981) ("The burden that shifts to the defendant, therefore, is to rebut the presumption of discrimination by producing evidence that the plaintiff was rejected, or someone else was preferred, for a

legitimate, nondiscriminatory reason.  The defendant need not persuade the court that it was actually motivated by the proffered reasons.").  The burden then returns to Plaintiff on the issue of pretext.

Defendant does not challenge that Plaintiff has established a prima facie case of retaliation for his protected activity of filing an EEOC complaint in 2020.  In support of the second stage of *McDonnell Douglas*, Defendant contends that selecting official Amber Dominguez following her established practice of convening a hiring panel on which she did not serve, then followed the recommendation of the hiring panel.  Additionally, she crafted and got approval for a "crediting plan" that included resume review criteria, list of questions for interviews, and a scoring matrix.  These assertions of a legitimate, nondiscriminatory reason are sufficient for this stage of the burden-shifting test.  *See Frappied v. Affinity Gaming Black Hawk, LLC*, 966 F.3d 1038, 1058 (10th Cir. 2020) ("In the Title VII context, we have explained that 'the defendant does not at this stage of the proceedings need to litigate the merits of the reasoning, nor does it need to prove that the reason relied upon was bona fide, nor does it need to prove that the reasoning was applied in a nondiscriminatory fashion.'") (quoting *E.E.O.C. v. Flasher Co.*, 986 F.2d 1312, 1316 & n.4 (10th Cir. 1992) ("[T]his stage of the analysis only requires the defendant to articulate a reason for the discipline that is not, on its face, prohibited" and that is "reasonably specific and clear.").

As part of the third stage of the burden-shifting analysis, Plaintiff contends that these arguments are a pretext designed to obscure that Dominguez crafted the crediting plan in such a way as to favor her preferred candidates.  "A plaintiff demonstrates pretext by

producing evidence of "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." *Jaramillo v. Colorado Jud. Dep't*, 427 F.3d 1303, 1308 (10th Cir. 2005) (quoting *Morgan v. Hilti, Inc.,* 108 F.3d 1319, 1323 (10th Cir.1997) (quoting *Olson v. General Elec. Astrospace,* 101 F.3d 947, 951-952 (3d Cir. 1996)).  Though thin evidence, Plaintiff has submitted affidavits based on personal knowledge from Plaintiff as well as other employees or former employees in support of his allegations of pretext.  *See, e.g.*, Docket No. 44, Exs. A, B, G, & I.  *See Ledbetter v. Unified Gov't of Wyandotte Cnty. / Kansas City, Kansas*, 2023 WL 6294867, at \*6 (D. Kan. Sept. 27, 2023) ("A plaintiff is not required to prove pretext by any particular method.") (citing *Bird v. W. Valley City*, 832 F.3d 1188, 1203 (10th Cir. 2016)).  "Under the personal knowledge standard, an affidavit is [only] inadmissible if the witness could not have actually perceived or observed that which he testifies to." *Argo v. Blue Cross & Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1200 (10th Cir. 2006) (quotation omitted).  The submitted affidavits appear to contain sufficient personal knowledge to raise a genuine issue of material fact.  Upon application of the *McDonnell-Douglas* burden-shifting test, the Court therefore finds that genuine issues of material fact remain as to whether Defendant's reasons for not interviewing and ultimately promoting Plaintiff were pretextual and cover for retaliation based on a protected activity.  *Ledbetter*, 2023 WL 6294867, at \*6 (While "conjecture and bare allegations are not enough," at summary judgment, "all doubts concerning pretext are resolved in the plaintiff's favor, but conjecture

and bare allegations are not enough.") (citing *Jencks v. Modern Woodmen of Am.*, 479 F.3d 1261, 1267 (10th Cir. 2007)).

### B.   Title VII Race Discrimination

Plaintiff's second cause of action alleges a violation of Title VII for race discrimination based on a failure to promote.  The Court likewise evaluates Plaintiff's claim of discrimination according to the burden-shifting framework of *McDonnell Douglas.  See Adamson v. Multi Cmty. Diversified Servs., Inc.*, 514 F.3d 1136, 1145 (10th Cir. 2008); *see also Morman v. Campbell County Memorial Hosp.*, 632 Fed. Appx. 927, 933 (10th Cir. 2015) ("Under *McDonnell Douglas,* the plaintiff must first prove a prima facie case of discrimination. If she does so, then the burden 'shifts to the defendant to produce a legitimate, non-discriminatory reason for the adverse employment action.' If the defendant provides such a reason, 'the burden then shifts back to the plaintiff to show that the plaintiff's protected status was a determinative factor in the employment decision or that the employer's explanation is pretext.'") (quoting *Khalik v.  United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012)).   A prima facie case of employment discrimination is established by facts showing that the plaintiff (1) is a member of a protected class, (2) suffered an adverse employment action, (3) was qualified for the position at issue, and (4) was treated less favorably than others not in the protected class.  *Khalik*, 671 F.3d at 1192; *see also McDonnell Douglas*, 411 U.S. at 802 (prima facie case may be establish by showing:  "(i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications,

he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.").

Again, both parties proceed on this claim to the second and third stages, presuming the prima facie case has been satisfied. Defendant proffers the same assertion as above that Dominguez, as the selecting official, adopted in this case a practice of using a hiring panel then following the hiring panel's recommendation. Likewise, Plaintiff disputes this assertion, and contends that these arguments are a pretext designed to obscure that Dominguez crafted the crediting plan in such a way as to favor her preferred candidates.

As stated above, Plaintiff has submitted affidavits based on personal knowledge from Plaintiff as well as other employees or former employees in support of his allegations of pretext. *See, e.g.*, Docket No. 44, Exs. A, B, G, & I. "Under the personal knowledge standard, an affidavit is [only] inadmissible if the witness could not have actually perceived or observed that which he testifies to." *Argo*, 452 F.3d at 1200 (quotation omitted). The submitted affidavits appear to contain sufficient personal knowledge such that application of the *McDonnell-Douglas* burden-shifting test raises a genuine issue of material fact as to whether Defendant's reasons for not interviewing and ultimately promoting Plaintiff were pretextual and cover a discriminatory motive. *See Ledbetter*, 2023 WL 6294867, at *6.

## IV. CONCLUSION

Accordingly, Defendant's Motion for Summary Judgment and Brief in Support [Docket No. 43] is hereby DENIED.

IT IS SO ORDERED this 4th day of June, 2026.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**